IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES PROCOPIO, | : | CIVIL ACTION |
| | : | NO. 21-03476 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CROWN ATLANTIC COMPANY, LLC, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    August 19, 2021

## I.    INTRODUCTION

Before this Court is Plaintiff's Motion to Remand this action to the Court of Common Pleas (ECF No. 4), wherein Plaintiff argues that Defendant's Notice of Removal was untimely. For the following reasons, Plaintiff's Motion to Remand is granted.

## II.   BACKGROUND

This case involves a negligence action initially filed in the Court of Common Pleas of Philadelphia County on June 25, 2021. Defendant is incorporated in Delaware and maintains its principal place of business in Texas. On July 2, 2021, Plaintiff served Defendant at its offices in Cannonsburg, Pennsylvania. The employees in Defendant's Cannonsburg offices were working remotely due to public health concerns related to COVID-19, so a

security guard accepted service of Plaintiff's complaint. The security guard forwarded the complaint to Defendant's legal department. Defendant's legal department received a copy of the complaint on July 6, 2021.

Pursuant to 28 U.S.C. § 1446(b)(3), Defendant had thirty days to remove the case after accepting service of the initial pleading. Defendant's statutory deadline to remove the action was August 1, 2021. However, Defendant filed a Notice of Removal on August 4, 2021 (ECF No. 1). On August 10, 2021, Plaintiff filed the present Motion to Remand to the Court of Common Pleas.

### III. LEGAL STANDARD

A civil action brought in a state court may be removed to the district court in the district where the state action is pending if the district court had original jurisdiction over the case. 28 U.S.C. § 1441(a). The district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331.

Because federal courts are courts of limited jurisdiction, 28 U.S.C. § 1441 is to be strictly construed against removal. La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 344 (3d Cir. 1974). And "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV.  DISCUSSION

Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove a case within thirty days of receipt of the initial pleading. As noted, Plaintiff argues that because Defendant waited until August 4, 2021, to remove the case, Defendant exceeded the thirty-day window to remove this action, so Defendant's removal was untimely. In response, Defendant argues that filing the Notice of Removal twenty-nine days after its legal department received notice, and three days after the statutory deadline, "does not render the Notice incurably defective." Def.'s Opp'n to Pl.'s Mot. to Remand at ¶ 4, ECF No. 6. Defendant has not argued that service on the security officer at Defendant's Canonsburg offices was ineffective, so this Court will assume service was proper.

A "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Thus, the timing for when Defendant was required to take action depends on when Defendant was served. The timing of when Defendant's legal department received notice is not relevant to determining Defendant's statutorily required deadline to remove.

See id. at 350 ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." (first citing Fed. R. Civ. P. 4(a); and then citing Fed. R. Civ. P. 12(a)(1)(A))). Because Defendant was served on July 2nd, the clock to remove was triggered on July 2nd. Defendant did not file the Notice of Removal until August 4th, so removal was untimely.

Defendant additionally argues that the Court has discretion to extend Defendant's time to remove. Pursuant to Federal of Civil Procedure 6(b), this Court has discretion to extend the time of an action "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect "is an 'elastic concept,' and the decision to grant an extension of time is an 'equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Ramos v. Quien, 631 F. Supp. 2d 601, 609 (E.D. Pa. 2008) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 392, 395 (1993)).

The Court should consider relevant circumstances including "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

4

movant acted in good faith." <u>Pioneer Inv. Servs. Co.</u>, 507 U.S.
at 395. The Third Circuit has interpreted additional relevant
factors to include:

> 1) [W]hether the inadvertence reflected professional
> incompetence such as ignorance of rules of procedure, 2)
> whether an asserted inadvertence reflects an easily
> manufactured excuse incapable of verification by the
> court, 3) counsel's failure to provide for a readily
> foreseeable consequence, 4) a complete lack of diligence
> or 5) whether the inadvertence resulted despite
> counsel's substantial good faith efforts towards
> compliance.

<u>Dominic v. Hess Oil V.I Corp.</u>, 841 F.2d 513, 517 (3d Cir. 1988)
(citing <u>Consol. Freightways Corp. of Del. v. Larson</u>, 827 F.2d
916, 919 (3d Cir. 1987)).

In considering the relevant Third Circuit factors, this
Court finds that Defendant has not established excusable
neglect. Here, Defendant admits that the Notice of Removal was
filed outside of the thirty-day window following service
required by § 1446(b)(3). Though Defendant's legal department
received notice of this lawsuit on July 6th, Defendant still had
twenty-seven days to file its Notice of Removal. Defendant does
not provide a reason as to why Defendant was unable to file its
Notice of Removal within twenty-seven days in order to meet the
statutorily required deadline. It was entirely within
Defendant's control to meet this deadline. In fact, Defendant's
failure to file seemingly reflects a "failure to provide for a
readily foreseeable consequence," and a "lack of diligence" with

5

respect to calendaring the appropriate deadline. <u>See</u> <u>Dominic</u>, 841 F.2d at 517 (citing <u>Larson</u>, 827 F.2d at 919). Thus, the present circumstances do not weigh in favor of finding excusable neglect exists under Federal Rule of Civil Procedure 6(b).

**V.    CONCLUSION**

   For the foregoing reasons, Plaintiff's Motion to Remand is granted. An appropriate order follows.